IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAHIM A. MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1365 (HHK) |
| ) | ECF |
| MICHAEL CHERTOFF, SECRETARY ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff failed to timely exhaust his administrative remedies.

### SECOND DEFENSE

Defendant's actions with respect to the claims in this case were in full compliance with law and regulation.

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's claims.

Defendant responds to the unnumbered and numbered paragraphs of the Complaint as follows:

1. Defendant admits that this matter is brought pursuant to Title VII of the Civil Right Act of 1964. The remainder of the allegations in this paragraph are denied.

2. Defendant admits that it is an employer within the meaning of Title VII. The Defendant denies the remainder of the allegations set forth in paragraph 2.

3. Defendant denies that 28 USC § 1332 is applicable to this action.

4. Defendant denies that the Plaintiff's employment records are located primarily or exclusively in the District of Columbia.

5. Defendant denies that the Plaintiff is entitled to have any State or ancillary claims litigated in federal court in this action. The Defendant admits that the Plaintiff is entitled to have federal claims, if timely filed, litigated in federal court.

## ADMINISTRATIVE PROCEEDINGS

5 (repeat). Defendant admits that Plaintiff filed a formal complaint of discrimination on October 9, 2003. Defendant denies the remainder of the allegations set forth in paragraph 5 of this section.

6. Admit.

7. Defendant admits that on June 10, 2005, the EEOC issued an order of dismissal based on Complainant's withdrawal of his complaint.

## PARTIES

8. Defendant admits that Plaintiff resides in Clinton, Maryland and further admits that Plaintiff was employed by FPS until August 2004, except that he began his employment in September of 1996. Admit that FPS was part of the General Services Administration until March of 2003, at which time it transferred to the Department of

    Homeland Security.  Admit that Plaintiff was a Physical Security Specialist from August 2003 until August 2004.  Defendant denies that he was a Physical Security Specialist prior to his selection to the position in August of 2003.

9. Admit.

10. Admit that Dean Hunter is employed by FPS as a Deputy Director.  Defendant denies the remainder of the allegations set forth in paragraph 10.

11. Admit that Joseph Trindal is currently employed by FPS as a Director.  Defendant denies the remainder of the allegations set forth in paragraph 11.

11 (repeat).   Admit that Trindal and Hunter are currently employed by FPS as supervisors/managers.  Deny that "at all times relevant" to the complaint, Hunter and Trindal were employed by FPS as supervisors/managers.

## REPRISAL

12. Deny.

13. Admit that Complainant engaged in prior protected activity between January and April of 2001 and between August 2001 and January 2002.  Defendant denies the remainder of the allegations set forth in paragraph 13.

14. Admit that Dean Hunter became aware that the Plaintiff engaged in EEO activity in the summer of 2001.  Deny the remainder of the allegations set forth in paragraph 14.

15. Deny.

16. Deny.

## CONSTRUCTIVE DISCHARGE.

17. Defendant incorporates all answers contained in the foregoing paragraphs.

18. Admit that Plaintiff resigned from his position on August 30, 2004.  Deny the remainder of the allegations in paragraph 18.  The Plaintiff failed to timely exhaust his administrative remedies with respect to any constructive discharge claim.

19-48.  The Complaint contains no paragraphs 19-48.  Therefore, no response is required.

## REMEDIES REQUESTED

49.  This paragraph contains plaintiff's requests for relief to which no answer is deemed necessary, but insofar as an answer is deemed necessary, defendant denies that plaintiff is entitled to the relief requested herein or to any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to and limited to 42 U.S.C. § 1981a.

**DEMAND FOR JURY TRIAL**

Plaintiff's demand for trial by jury is a request to which no response is necessary in this matter. Defendant specifically denies all of the allegations of the Complaint not herein before otherwise answered.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted its costs and other such relief as this Court deems appropriate.

Dated: October 20, 2005.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-4851


*Of Counsel*

A. KATHARINE JOHNSON
Associate Legal Advisor
Office of Principal Legal Advisor
U.S. Department of Homeland Security
425 I Street, N.W.
Washington, D.C.  20536

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2005, I caused the foregoing *Defendant's Answer and Affirmative Defenses* to be served on plaintiff's counsel, postage prepaid, addressed as follows:

**Veronica G. Awkard, Esq.**
**6490 Landover Road, Suite A**
**Landover, Maryland  20785**

_____s/_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 305-4851
(202) 514-8780 (facsimile)
