UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAHIM A. MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-1365 (RMU) |
| | ) (ECF) |
| MICHAEL CHERTOFF, Secretary, | ) |
| U.S. Department of Homeland Security, | ) Next Court Event: Initial Status |
| | ) Conference - Jan. 24, 2006 |
| | ) |
| Defendant. | ) |
| | ) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3(d)**

In this Title VII-based matter, Plaintiff alleges that he was subjected to retaliation when he was not selected for the position of Area Security Manager despite the fact that he was more qualified than five of the individuals selected for the same position. Plaintiff further states that he was subjected to a hostile environment causing him to involuntarily resign from his position.

Defendant avers that all employment decisions made with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons, including the non-selection for the position at issue. Defendant further states that Plaintiff was not subjected to a hostile work environment and resigned voluntarily.

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties agree that it is premature to assess the likelihood that the case is likely to be disposed of, in its entirely by dispositive motions. However, the parties reserve the right to file dispositive motions at appropriate junctures during and at the conclusion of the discovery.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

It is unlikely that there will be joinder or that the pleadings will be amended. However, plaintiff reserves the right to amend his complaint 30 days after the Court has issued a scheduling order.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to referral to a magistrate judge.

**(4) Whether there is a realistic possibility of settling the case.**

Plaintiff and Defendant are amenable to settlement discussions.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties may engage in informal discussions, but do not agree that the case could benefit from the Court's ADR procedures, at this juncture.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties propose the following deadlines for filing dispositive motions and oppositions:

| | | |
|---|---|---|
| Dispositive motions: | Sixty days after the close of discovery |
| Opposition: | Thirty days after opening brief is filed |
| Reply: | Fifteen days after the opposition is filed. |

See also answer to paragraph 1.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties will make initial disclosures by March 13, 2006.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree to take no more than ten (7) depositions each and to propound no more than twenty-five (25) interrogatories each. We propose the following discovery deadlines:

| | |
|---|---|
| Document production: | April 24, 2006 |
| Request for admissions: | April 24, 2006 |
| Close of discovery: | July 24, 2006 |

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

The parties propose the following deadlines for disclosure of expert information:

| | |
|---|---|
| Plaintiff's expert witness report: | March 13, 2006 |
| Defendant's expert witness report: | April 13, 2006 |

**(10) In class actions . . .**

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that there is no need to bifurcate the trial and/or discovery.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties request that the pretrial conference be scheduled thirty (30) days after the Court rules on the dispositive motions.

**(13) Whether the Court should set a firm trial date at the first scheduling**

**conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties ask that the trial date be set at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

No other matters need be addressed by the Court at this time.

Dated: January 10, 2006                    Respectfully submitted,


__s/ with authorization_____
VERONICA AWKARD
Bar # 14454 (M.D.)
6490 Landover Road
Suite A
Landover, MD 20785
(301) 773-4724
**Attorney for Plaintiff**


_____/s/_____
KENNETH L. WAINSTEIN
D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE
Assistant United States Attorney
D.C. Bar #171538

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851
**Attorneys for Defendant**