

GSA National Capital Region

November 5, 2003

<u>Certified Mail</u>
<u>Return Receipt Requested</u>

Mr. Rahim A. Muhammad
9301 Gwynndale Court
Clinton, Maryland 20735

**Ref: Case Number 04-NCR-DHS-RAM-1**

Dear Mr. Muhammad:

On October 9, 2003, you were sent a letter acknowledging receipt of your formal Equal Employment Opportunity (EEO) discrimination complaint that was deemed filed on October 9, 2003, against the Federal Protective Service, Department of Homeland Security. You were also informed that your complaint was under review for acceptance or dismissal.

This letter is to provide you with the current status of your EEO complaint. Based on a review of the formal complaint and the Counselor's Report, it has been determined that your complaint will be **<u>Partially Accepted and Partially Dismissed.</u>** A copy of the Counselor's Report is enclosed.

The following claim(s) will be **<u>Accepted</u>** for formal investigation.

Your claim that you were subjected to a pattern of discriminated when you were subjected to disparate treatment based on your race (Black) and in reprisal for prior EEO activity when the following incidents occurred:

    1. On September 11, 2003, you were denied the opportunity to perform your duty as Acting Chief for the Training Division.

    2. On September 9, 2003, you informed management of your knowledge of derogatory racial comments, regarding Black members of FPS, made by Dean Hunter at his home during a barbeque in which white male subordinates, only, were invited.

    3. On September 8, 2003, you were notified by email that you were not selected for the position of Area Security Manager, GS-0080-12, under announcement number 03992251.

U.S. General Services Administration
301 7th Street, SW
Washington, DC 20407-0001
www.gsa.gov

4. On August 5, 2003, you were refused a transfer into the position of Physical Security Specialist (LESO), GS-0080-12, in which you were competitively selected under announcement number 03991601.

If you believe the claim(s) in this complaint have not been correctly identified, please notify me, in writing, within five calendar days after your receipt of this letter, specifying why you believe that the claim(s) have not been correctly identified. If no response is received from you within the specified timeframe, the accepted claim(s) will be forwarded for formal investigation.

The following claims identified in your formal complaint are determined to be discrete acts that are not a part of the accepted continuing discrimination claim and are therefore **Dismissed** for formal investigation.

1. On July 15, 2003, you were notified by the Human Resources Division that you were not selected for the position of Physical Security Specialist, GS-0080-12, under announcement number 039922110.

2. On May 12, 2002, you were denied the grade of GS-12 for the position of Physical Security Specialist, under announcement number 03991601.

3. On or about February 14, 2003, you were removed from the Law Enforcement Bureau after being approved to the rank of lieutenant on or about January 25, 2003, with the Law Enforcement Bureau.

**The above claims are dismissed** in that they fail to comply with the applicable time limits contained in 1614.105, and therefore are deemed untimely in accordance with the regulation stated in the analysis below.

## Analysis

Title 29 Code of Federal Regulations, Part 1614.105 Pre-complaint processing states in part...

"(a) Aggrieved person who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolved the matter.

**(1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.**"

3

Also, Title 29 Code of Federal Operations, Part 1614.107 Dismissal of complaints states in part...

"(a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint:

   (1) That fails to state a claim under 1614.103 or 1614.106(a) or state the same claim that is pending before or has been decided by the agency or Commission;

   (2) That fails to comply with the applicable time limits contained in 1614.105, 1614.106 and 1614.204(c), unless the agency extends the time limits in accordance with 1614.604(c), or that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor...

(b) Where the agency believes that some but not all of the claims in a complaint should be dismissed for the reasons contained in paragraphs (a)(1) through (9) of this section, the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but is not appealable until final action is taken on the remainder of the complaint."

There is no immediate right to appeal a partial dismissal of a complaint. An Administrative Judge shall review the dismissal determination if you request a hearing on the remainder of the complaint, but you may not appeal the dismissal until a final action is taken by the agency on the remainder of the complaint.

Voluntary attempts to settle your complaint can be made throughout the administrative process. If a settlement of the complaint is reached, the terms of the settlement will be stated in writing and you will be given a copy.

Pursuant to 29 CFR Part 1614, the agency has 180 calendar days to complete the investigation (from the date of filing a formal complaint) or to issue the Notice of Final Action on the complaint.

Upon completion of the investigation, you will have the right to request a final agency decision with or without a hearing. If you request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ), you must notify Ms. Avis B. Johnson, EEO Director, in writing, within 30 calendar days of receipt of the notice. Within 60 calendar days of receiving the findings and conclusion of the AJ, the agency will issue the final decision.

4

If you request a hearing, you are expected to proceed without delay in presenting your complaint before the assigned EEOC AJ.

Therefore, if you plan to have a representative, you should immediately obtain representation and you should also begin preparing a list of proposed witnesses, with a summary of the testimony you believe each will present at the hearing. The AJ will request this list after being assigned your case.

Failure to prosecute your complaint in a timely fashion may be grounds for the AJ to return your case to the agency. The agency will issue a final decision based on the evidence presented in your investigative and complaint file.

However, if you request an immediate final decision to be rendered on the merits of each allegation contained in your complaint based on the investigative file, the head of the agency, or his designee, will render a decision without a hearing. A request for a final decision without a hearing must be made to Ms. Avis B. Johnson, EEO Officer, **within 30 calendar days from the day you receive the notice of final action**.

In the absence of any response from you, upon the expiration of the 30-day notice period as to your options to a decision with or without a hearing, the agency will, within 60 calendar days, issue a final decision.

In the event that GSA has not issued a notice of final action within 180 days from the filing of your complaint, you may request a hearing at any time.

If your complaint is dismissed, you will receive a final decision on the complaint or that portion of the complaint, which is dismissed. The letter dismissing your complaint will delineate your rights of appeal.

If you are dissatisfied with the final decision with or without a hearing, you may appeal to the EEOC. An appeal to the EEOC must be postmarked or, absent a postmark, received by the Commission **within 30 calendar days from the day you receive the final decision**. The 30-day period for filing a Notice of Appeal begins to run on the day after you receive the final decision.

However, if an attorney represents you, the 30-day timeframe begins to run on the day after your attorney receives the final decision. Any statement or brief in support of an appeal may be submitted to the Commission, with copies to the agency, **within 30 calendar days from the date the appeal is filed**. You must certify the date and method by which service was made on the agency regarding any appeal filed with the Commission.

Appeals must be filed on the EEOC Form 573(REV 4-92), and must indicate what it is you are appealing and why. The EEOC Form 573 will be forwarded with the notice of

5

final action on your complaint. In addition, appeals to the Commission should be forwarded to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, PO Box 19848, 1801 L Street, NW, Washington, DC 20036.

In addition, with respect to claims filed under Title VII, you may file a civil action in the appropriate Federal District Court in any of the following situations:

a. Instead of appealing GSA's final decision to the EEOC, you may file a civil action in an appropriate United States District Court. If you choose to file a civil action, you must do so <u>within 90 calendar days from the day you receive the final decision.</u>

b. If you appeal GSA's final decision to the EEOC and the EEOC renders a decision on your appeal, you may appeal the EEOC decision by filing a civil action <u>within 90 calendar days from the day you receive the EEOC decision on your appeal.</u>

c. If GSA has not issued a final decision after 180 days have elapsed from the date you filed your formal complaint, you may file a civil action.

d. If the EEOC has not issued a decision on your appeal within 180 calendar days from the date of filing the appeal.

e. On complaints alleging violations of the Equal Pay Act, the time limit for filing a civil action is as follows, regardless of whether you pursued any administrative complaint processing:

   (1) Within two years of the date of the alleged violation, or,

   (2) If the violation is willful, within three years of the date of the alleged violation.

If you choose to file a civil action, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced 30-day time limit for filing suit and in such form and manner as the court may require.

6

Please note that if you file a civil action, you must name the appropriate agency head as the defendant. Failure to name the head of the agency may result in loss of any judicial redress to which you may be entitled. The current agency head of the General Services Administration is the Honorable Stephen A. Perry, Administrator.

Sincerely,

Avis B. Johnson
EEO Officer

Enclosure

cc: Sharon Roach, Regional Counsel (WL)
    Regina Budd (AK)



GSA National Capital Region

November 17, 2003

Mr. Rahim A. Muhammad
9301 Gwynndale Court
Clinton, MD 20735

Reference: GSA Case Number: 04-NCR-DHS-RAM-1

Dear Mr. Muhammad:

On November 10, 2003, you received a letter partially accepting and partially dismissing your formal Equal Employment Opportunity complaint. However, the Counselor's Report was not enclosed. Therefore, enclosed is a copy of the Counselor's Report for your reference.

If you have any questions, contact Barbara Stewart or me. We can be reached at (202) 708-8588.

Sincerely,

Avis B. Johnson
EEO Officer

Enclosure

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature] ☐ Agent ☑ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery 11-18-03 |
| 1. Article Addressed to:<br><br>Mr. Rahim A. Muhammad<br><br><br>Eto Counselor's Report | D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No<br><br>Picked Up from EEO Office<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label)  Delivered To Ram at DHS, FPS | |
| PS Form 3811, August 2001  Domestic Return Receipt  102595-01-M-2509 | |