GENERAL SETTLEMENT AGREEMENT
IN THE MATTER OF THE DISCRIMINATION COMPLAINT
OF RAHIM A. MUHAMMAD, INFORMAL COMPLAINT GSAR1220010047

This General Settlement Agreement is entered into between Rahim A. Muhammad (Complainant), and the General Services Administration (GSA), hereafter collectively referred to as "the Parties," for the purpose of resolving the discrimination complaint that complainant filed on September 18, 2001. For purposes of this agreement, the term "complaint" shall include all the allegations identified in the formal complaint file.

In the interest of promoting its Equal Employment Opportunity Program and to avoid protracted litigation, the General Services Administration (GSA) agrees to settle the above captioned formal complaint on the basis shown below.

In said complaint, Mr. Muhammad alleged the following claim(s):

> His supervisor, Chief Leslyn Erickson (white, female) has discriminated against him based on his race (Black) and religion (Muslim), when he was harassed on August 21, 2001 and August 16, 2001, receiving comments of a racial nature.

By entering this settlement, the GSA does not admit that it has violated Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973, as amended, or the Age Discrimination in Employment Act, as amended, or any other Federal or State statute or regulation.

NOW, THEREFORE, in order to resolve the complaint and to avoid any further administrative or judicial proceedings with respect to any of the allegations of the complaint, GSA agrees that:

1. Mr. Muhammad will be detailed in 120-day increments to the Federal Protective Service (FPS) Law Enforcement Operation in the Law Enforcement arm of the Federal Protective Service in Building 74 at his current rank and rate of pay for a period not to exceed one year effective as of January 30, 2002.

2. Mr. Muhammad's unclassified duties will be as follows:

    a. Perform in an operational capacity in Law Enforcement Operations.

2

    b. Be responsible for guidance, research and development, as well as planning, organizing, scheduling, and coordinating efforts for Special Operations Initiatives for the Police Bureau and the Federal Protective Service.
    c. During special operations and details, Mr. Muhammad may serve as a special operational advisor to Watch Commanders.
    d. Provide input and recommendation to District Commanders and the Assistant Chief of Law Enforcement Operations.

3. Mr. Muhammad will be reassigned to the day shift and report to the day shift commander in the aforementioned duties.

4. Mr. Muhammad will relinquish all training duties and responsibilities while on detail effective January 30, 2002, for the period not to exceed one year.

Nothing in this agreement shall be considered as evidence or an admission by GSA that any of its officers or officials has engaged in any form of discrimination, reprisal or any other unlawful or illegal acts against the complainant.

Upon execution of this agreement, Complainant agrees to withdraw said complaint as well as all current pending complaints and grievances with respect to this matter. The Complainant understands that in withdrawing this complaint, further administrative processing will cease. The complainant's execution of the agreement will fully satisfy and bar all possible claims, (actual, potential, or otherwise) or causes of action for money or other relief which were or could have been raised in this complaint. If the Complainant believes that the GSA has failed to comply with the terms of the settlement agreement, the Complainant shall notify the Associate Administrator for the Office of Equal Employment Opportunity, General Services Administration, 18th and F Streets, NW., Room 5123, Washington, DC 20405, in writing, of the alleged noncompliance, within 30 calendar days of when the complainant knew, or should have known, of the alleged noncompliance.

The decision to implement the specific terms of the settlement agreement, to reinstate the complaint for further processing from the point processing ceased, or to deny the request, will be rendered, in writing, within 30 calendar days by the Associate Administrator. If after 30 calendar days from the date of GSA's receipt of the complainant's written allegation of noncompliance with the settlement, the Associate Administrator has not responded to the complaint in writing, or if the complainant is not satisfied with GSA's attempt to resolve the matter, the complainant may appeal to the EEOC for a determination as to whether the agency has complied with the terms of the settlement agreement. The complainant may file such an appeal 35 days after serving GSA with the allegations of noncompliance, but must file an appeal within 30 days of receipt of the agency's determination on the issue of noncompliance.

3

GSA assures the complainant that s/he shall be free from any restraints, interference, coercion, discrimination or reprisal for having filed a complaint or having participated in the processing of a complaint. The parties to this agreement have had adequate time to reflect upon, consider and seek legal counsel concerning the terms of this agreement and have executed this agreement knowingly, voluntarily and free from improper influence or duress.

In accordance with Equal Employment Opportunity Commission (EEOC) Regulations in 29 CFR, Part 1614.504(a), this agreement shall be binding on both parties. This agreement is effective upon signing by all parties.

THE UNITED STATES OF AMERICA
ACTING BY AND THROUGH THE
ADMINISTRATOR, GENERAL
SERVICES ADMINISTRATION

BY: _____  BY: _____
DON T. WALDON                SHARON ROACH
ASSISTANT CHIEF,             REGIONAL COUNSEL
POLICE BUREAU, FPS

DATE: 2-5-02                 DATE: January 30, 2002

BY: _____  BY: _____
AVIS B. JOHNSON              CHERYL EYRE
REGIONAL EQUAL EMPLOYMENT    DIRECTOR, HUMAN
OPPORTUNITY DIRECTOR         RESOURCES DIVISION

DATE: Feb 5, 2002            DATE: 1/29/02

                             AND

COMPLAINANT
BY: _____    DATE: 2-5-02