

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington Field Office

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739
1-800-669-4000

| | |
|---|---|
| Rahim A. Muhammed, <br> Complainant, <br> <br> v. <br> <br> Stephen A. Perry, <br> Administrator, <br> General Services Administration, <br> Agency. | ) EEOC No. 100-2005-00283X <br> ) Agency No. 04-NCR-DHS-RAM-1 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Date: January 26, 2005 |

## ACKNOWLEDGMENT AND ORDER

This acknowledges receipt of the complainant's request for a hearing. 29 C.F.R. § 1614.109 and Chapter 7 of EEOC Management Directive 110, November 9, 1999 (EEO MD-110) govern the conduct of hearings. The regulations and EEO MD-110 are available on the Commission's website at www.eeoc.gov.

The Administrative Judge whose name appears below has been assigned to preside over this complaint. Failure to follow the orders of the Administrative Judge or to comply with the Commission's regulations may result in sanctions. *See* 29 C.F.R. § 1614.109(f)(3). When a conflict between the parties arises, the parties should attempt to resolve the conflict themselves before bringing it to the attention of the Administrative Judge.

### I. CORRESPONDENCE AND MOTIONS

Each party must provide the opposing party with a copy of all correspondence that he/she sends to the Administrative Judge. The attachment of a certificate of service may demonstrate that the opposing party was provided a copy. Failure to provide a copy of submissions to the opposing party may result in return of such submissions without consideration. The parties are reminded of their ongoing obligation to keep this office informed of their current mailing address. Other than to clarify a procedural issue or during alternative dispute resolution, it is inappropriate for the parties to engage in *ex parte* (one-sided) communication with the Administrative Judge.

Extensions of filing dates and postponements will not be granted, absent a prompt request in writing and a showing of good cause. Failure by complainant to obtain representation, or failure by the agency to assign this matter to a representative, will not be grounds for postponement.

1

On any request or motion, the requesting party shall state that he/she has made a good faith effort to resolve the matter with the non-moving party and, where appropriate, indicate whether the opposing party has an objection to the request or motion. All motions should be accompanied by a proposed order granting the relief requested in the motion.

## II. DESIGNATION OF REPRESENTATIVE

The parties are entitled to be represented. However, the complainant is not required to be represented. The EEOC does not provide representatives for either party. Even if the complainant has previously designated a representative for EEO counseling and agency investigation of the complaint, he/she must renew that designation for the purpose of EEOC processing of this complaint. The parties must inform this office of the name, address and telephone number of his/her respective representative. If that representative changes, or if a currently unrepresented complainant obtains representation in the future, the party shall notify the Administrative Judge and the other party immediately.

## III. PARTIAL DISMISSALS

The parties have thirty (30) calendar days from receipt of this Order to identify any claims the agency has dismissed from the complaint during the agency investigative process, pursuant to 29 C.F.R. § 1614.107(a), and to comment on the appropriateness of each dismissal. Once the opportunity for identification and comment has passed, the Administrative Judge will determine, pursuant to 29 C.F.R. § 1614.107(b), the appropriateness of the agency's decision to dismiss each claim. If the complainant fails to oppose in writing the dismissal of a claim within the thirty (30) day comment period, the opportunity to have the dismissal reviewed by the Administrative Judge shall be deemed waived.

## IV. SETTLEMENT

Within thirty (30) calendar days of receipt of this Order, the parties are directed to contact each other to define the claim(s) presented, to develop stipulations (i.e., agreements between the parties that certain facts are true for purposes of adjudicating this complaint) and to discuss settlement. The parties must discuss specific settlement proposals. The agency must designate an individual with settlement authority to attend settlement discussions convened by an Administrative Judge.

## V. DISCOVERY

The parties are hereby notified of their right to seek discovery prior to the hearing in accordance with 29 C.F.R. § 1614.109(d). The parties must cooperate with each other in honoring discovery requests. The parties are expected to initiate and complete needed discovery with a minimum of intervention by the Administrative Judge. **Except as indicated below, copies of interrogatories, requests for production of documents, requests for admissions, deposition notices and transcripts, and responses to such should not be sent to the Administrative Judge.**

    A.    Discovery shall be completed within seventy (70) calendar days from the date of receipt of this Order unless otherwise directed by the Administrative Judge. If the parties agree between themselves to extend discovery deadlines that would, in turn, extend the 70-day deadline, the parties must seek the Administrative Judge's prior approval.

B.  The method and scope of discovery shall be subject to the following:

1.  Interrogatories shall be limited to one set. The set of interrogatories shall contain no more than thirty (30) questions including subparts.

2.  Requests for production of documents must be specific and identify the documents or types of documents requested. Requests for production of documents shall contain no more than thirty (30) requests including subparts.

3.  Requests for admissions shall not exceed thirty (30) in number including subparts. This limit does not apply to admissions relating to the authenticity of documents.

4.  The agency must make employees available for deposition. In addition, the agency must arrange for the appearance at deposition of former employees currently employed by the federal government.

Absent prior approval from the Administrative Judge, a party must initiate discovery within twenty (20) calendar days of receipt of this Order. If a party does not submit a timely discovery request, the Administrative Judge may determine that the party has waived the right to pursue discovery.

A party must respond to a request for discovery within thirty (30) calendar days from receipt of the request. Requests for discovery and objections to such requests must be specific. A notice of deposition does not require a written response; however, any objection to a notice of deposition must be served promptly on the moving party. A deposition may be noticed and taken at any time during the discovery period.

Discovery motions, including motions to compel, must be filed within ten (10) calendar days after receipt of a deficient response or after the response to the discovery is due, whichever occurs first. Motions to compel and other discovery motions must be accompanied by the discovery requests and responses and a declaration stating that the moving party has made a good faith effort to resolve the discovery dispute. The declaration shall indicate the efforts made to resolve the dispute and identify which items remain in dispute. Statements in opposition to discovery motions must be filed within ten (10) calendar days of receipt of the motion. Rulings will be made based upon the written submissions. The failure to timely file objections to discovery may result in the objections being deemed waived.

## VI. SANCTIONS FOR FAILURE TO FOLLOW ORDERS

Failure to follow this Order or other orders of the Administrative Judge may result in sanctions pursuant to 29 C.F.R. § 1614.109(f)(3). The Administrative Judge may, where appropriate:

(A)  Draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

(B)  Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(C)  Exclude other evidence offered by the party failing to produce the requested

3

information or witness;

(D)   Issue a decision fully or partially in favor of the opposing party; or

(E)   Take such other actions as appropriate.

## VII.   DECISION WITHOUT A HEARING

Pursuant to 29 C.F.R. § 1614.109(g)(1), a party may file a motion for summary judgment if that party believes that some or all material facts are not in genuine dispute and there is no genuine issue as to credibility. A motion for summary judgment must include a statement of the undisputed material facts. Unless otherwise ordered by the Administrative Judge, a motion for summary judgment must be filed not later than fifteen (15) days after the close of discovery; the opposing party will then have fifteen (15) days from receipt of the motion in which to file a response; and the moving party will then have five (5) days from receipt of the response to file a reply. Motions for summary judgment, and responses to such motions, shall contain specific citations to referenced evidence (e.g., cite the specific pages of the report of investigation, or other submitted evidence, in support of an argument).

The Administrative Judge may also issue summary judgment on his/her own initiative, pursuant to 29 C.F.R. § 1614.109(g)(3).

An Administrative Judge may also dismiss a complaint pursuant to 29 C.F.R. § 1614.109(b) for any of the reasons set forth in 29 C.F.R. § 1614.107(a). The Administrative Judge may dismiss complaints on his/her own initiative, or upon the Agency's motion to dismiss a complaint.

## VIII.   AMENDMENT AND CONSOLIDATION OF COMPLAINTS

Pursuant to 29 C.F.R. § 1614.106(d), the complainant may move to amend his/her complaint to add claims that are like or related to the original complaint. In order to amend the complaint, the complainant shall submit a motion as early as possible to the Administrative Judge stating the new claim, the date(s) when it occurred, and why it is like or related to the original complaint. The Administrative Judge may amend the original complaint to include the new claim(s) if he/she finds the new claim is like or related to the original complaint. Motions to amend filed late in the process may be denied.

The Administrative Judge also has discretion to consolidate complaints pursuant to 29 C.F.R. § 1614.606. The parties shall advise the Administrative Judge in writing of any other complaint(s) pending at any stage of processing and should include all case number(s) or other information identifying such complaint(s).

It is so ORDERED.

*Richard Schneider*

For the Commission:

_____

Richard Schneider
Administrative Judge
Telephone: (202) 419-0732
Facsimile: (202) 419-0739

4

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ACKNOWLEDGMENT AND ORDER within five (5) calendar days after the date it was sent *via* first class mail. I certify that on January 26, 2005, the foregoing ACKNOWLEDGMENT AND ORDER was sent *via* first class mail to the following:

Rahim A. Muhammed
9301 Gwynndale Court
Clinton, Maryland 20735

Sent via fax to (202) 208-0085

Marcia Smart
Office of the General Counsel
U.S. General Services Administration
1800 F Street, N.W.
Washington, D.C. 20405

*Tanya Stanfield*
───────────────────────
Tanya A. Stanfield
Legal Technician

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739
1-800-669-4000

R. Schneider

| | |
|---|---|
| Rahim A. Muhammed, <br> Complainant, <br><br> v. <br><br> Stephen A. Perry, <br> Administrator, <br> General Services Administration, <br> Agency. | ) EEOC No. 100-2005-00283X <br> ) Agency No. 04-NCR-DHS-RAM-1 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Date: |

### DESIGNATION OF REPRESENTATIVE

#### OPTION A: ELECTION TO PROCEED WITH A REPRESENTATIVE

I hereby designate the following individual as the representative for the __ COMPLAINANT or __ AGENCY in the above-referenced EEOC case:

_____
Name of Representative        Telephone No.        Facsimile No.

Address:_____

_____

E-mail Address:_____

#### OPTION B: ELECTION TO PROCEED WITHOUT A REPRESENTATIVE

I, _____, will proceed without a representative in the above-referenced EEOC case. I understand that I must notify the Administrative Judge and the agency immediately if I obtain representation at a later date.

_____
Signature of Party        Date

Complainant, please also provide your current address, telephone number, fax number, and E-mail

address: _____
_____
_____
_____

E-mail Address: _____



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office

1801 L Street, N.W., Suite 100
Washington, D.C. 20705-1002
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740 & 0739

## WASHINGTON FIELD OFFICE HEARING PROCEDURES

The Washington Field Office (WFO) hereby issues the following information on its federal sector hearings process and clarification of litigation requirements in order to emphasize customer service and to promote expedient case processing. Any questions regarding the information and requirements contained in this document may be referred to the WFO Hearings Clerk at (202) 275-6635 or (202) 275-2482.

### Assignment to Administrative Judge and Issuance of Acknowledgment and Order

Upon receiving a hearing request and the report of investigation, the WFO will issue an *Acknowledgment and Order*, which will inform the parties as to the assignment of the specific Administrative Judge responsible for processing the particular complaint. The *Acknowledgment and Order* also contains detailed requirements pertaining to the adjudication process, including the specification of deadlines and filing procedures. The parties are responsible for carefully reading the *Acknowledgment and Order* and complying with its requirements as well as any additional requirements or clarifications set forth in this document. Complainants must be prepared to prosecute their cases properly and in a timely way whether or not they are represented by counsel. Also, the parties are required to follow the orders of the Administrative Judge and may be sanctioned for non-compliance, as specified in more detail in the *Acknowledgment and Order*.

### Requirements on Correspondence and Communications

All motions, correspondence, and communications to the Administrative Judge shall conform to the following requirements, unless otherwise permitted by the Administrative Judge:

1. The parties shall submit any motions, correspondence, and communications to the Administrative Judge in writing, with their contact information included (i.e., name, address, telephone number and fax number). Motions shall include a proposed order, granting the desired outcome sought by the party, for the signature of the Administrative Judge and include the names, addresses and fax numbers of all parties that should receive the order;

2. All correspondence (including motions and proposed orders) shall be typed, double-spaced, and use a reasonable font size (12 or higher);

3. Motions and correspondence shall not exceed 15 pages in length, while attachments or supporting documentation shall not exceed a reasonable page limit;

4. Faxed submissions (e.g., motion and attachments) shall not exceed a total of 20 pages in

length and must be submitted before 5:00 p.m. on the day the submission is due;

5.  Motions and correspondence shall indicate that a copy was also provided to the opposing party;

6.  Parties shall not file multiple submissions concerning the same matter (e.g., motions for reconsideration, replies to response by opposing party, etc.), and multiple submissions will be stricken by the Administrative Judge; and

7.  Parties are prohibited from engaging in *ex parte* communications with the Administrative Judge (i.e., telephone call without the opposing party present or correspondence without a copy served on the opposing party) concerning the merits of the case.

### Discovery

The *Acknowledgment and Order* authorizes the parties to conduct discovery – a formal process whereby the parties seek pertinent information from the opposing party in preparation for litigation. The parties are responsible for carefully reading the *Acknowledgment and Order*, which sets forth the discovery process and the types of discovery requests available to the parties. The parties are notified that Privacy Act objections generally will not excuse the parties from responding to a discovery request since a routine use exception may be applicable.

Importantly, the parties are required to initiate discovery within 20 days of receipt of the *Acknowledgment and Order*, by serving the opposing party with all requests for written discovery. As long as the parties have timely initiated discovery, the parties may follow up with notices of depositions even after the initial 20-day period has elapsed. Furthermore, the parties are required to notice all depositions by no later than 30 days from the deadline for completion of all discovery.

### Amendment of Complaints

The Complainant may file a request to amend his/her complaint to include like-or-related issues; however, such a request must be filed before the end of the discovery period.

### Settlement Conferences

The WFO may decide to schedule a settlement conference in a particular case in order to assist the parties in resolving the case informally without further litigation. Settlement conferences are conducted by a Settlement Judge who can more readily facilitate candid settlement discussions with the parties because the Settlement Judge will not adjudicate the case. The Settlement Judge also will maintain the confidentiality of any information provided by a party in the context of settlement discussions and will not share this information with the opposing party or with the adjudicating Administrative Judge absent the consent of the party. In addition to the possibility of a settlement conference, the adjudicating Administrative Judge may also engage the parties in settlement discussions during other stages of the complaint processing.

10

### Decisions without Hearings

In many instances, the assigned Administrative Judge may issue a decision without a hearing, also known as summary judgment, after the parties have had an opportunity to submit a response and supporting evidence. The parties are expected to carefully read the section in the *Acknowledgment and Order* which details procedures concerning decisions without hearings.

### Prehearing Matters

The assigned Administrative Judge has broad authority to determine how the case will proceed, including whether a hearing is necessary, the scope of the hearing if one is held, and what evidence, including witness testimony, is required to decide the case. Proceedings may vary depending on the administrative judge's assessment of what is appropriate in the particular case.

### Hearings and Decisions After Hearing

The Administrative Judge presides over the hearing, which follows the format of a court trial. The Administrative Judge will require each party to succinctly present its case by producing relevant evidence through sworn witness testimony during oral examination and by documentary exhibits. The Administrative Judge has broad authority to control the hearing and may: request opening or closing statements; limit or compel testimony; admit or exclude exhibits; exclude any person who is disruptive; require the parties to submit closing briefs or proposed findings of fact and law after the hearing; issue a decision from the bench; or issue a written decision after receipt of the hearing transcript. The Administrative Judge may also inform the parties in advance whether a hearing will be bifurcated to entertain evidence separately on the liability and on relief.

### Objections to Administrative Judge's Actions

Parties should expect that Administrative Judges will process cases fairly, impartially, and pursuant to appropriate legal authority. If a party believes that the assigned Administrative Judge has erred in a legal ruling or decision, the party may properly raise its disagreement through an appeal of the Final Agency Action issued after the Administrative Judge has decided the case. *See* 29 C.F.R. § 1614.401 (2003). The WFO generally will not review discretionary matters within the Administrative Judge's proper authority.

Only in a situation where the parties believe that the assigned Administrative Judge has engaged in improper conduct or a violation of ethics, may the parties seek review by the WFO of an action by the Administrative Judge. The parties shall immediately raise such concerns in writing to the attention of "Supervisory Administrative Judge" at the address or fax number listed in the letterhead of this document. Subsequently, a Supervisory Administrative Judge may review the matter and appropriately respond to the parties.



General Services Administration
Office of General Counsel
1800 F Street, NW, Room 4115
Washington, DC 20009
Phone:  202-501-1460
Fax:    202-208-0085



Washington, DC

FACSIMILE TRANSMITTAL SHEET

Date: 2/1/05

Total Number of Pages (including coversheet): 13

To: Joan Slous
DHS/Bureau of Customs Enforcement / Office of Principal Legal Counsel

From: Eugenia D. Ellison

Phone Number: (202) 616-7969

Fax Number: (202) 514-0455

Remarks:

Please see attached Acknowledgment and Order in the matter of Rahim Muhammed v. Perry. This is a DHS/FPS case. Please take the appropriate action to have the matter reassigned to your office/agency.

If you have any questions please call me.

Thanks,
Eugenia



Eugenia D. Ellison
02/01/2005 01:32 PM

To: Joan.Slous@dhs.gov
cc: Marcia L. Smart/LG/CO/GSA/GOV
cc: Marcia L. Smart/LG/CO/GSA/GOV
Subject: EEOC Acknowledgment and Order for DHS/FPS Case

I am faxing to you for appropriate action a copy of an Acknowlegment and Order that we received from EEOC in the matter of Rahim Muhammed v. Perry, EEOC No. 100-2005-00283X, Agency No. 04-NCR-DHS-RAM-1. The Acknowldment and Order was sent to Marcia Smart, an attorney on my staff. This is a DHS/FPS case. Please take the appropriate action to have the case reassigned to your agency/office.

I have been informed by GSA's Office of Civil Rights that the Report of Investigation for this case was transferred last year to Judy Maltby, Chief, Complaints Processing Unit for DHS. Her number is 612-467-7029.

If you have any questions, please cll me on 501-1460.

Thanks

*Judy Maltby*
*612-725-3239*