ATTACH THIS FORM TO THE COMPLAINT FILE TO BE TRANSFERRED TO
THE DEPARTMENT OF HOMELAND SECURITY

# <u>CLOSED</u> DHS/FPS COMPLAINT

COMPLAINANT'S NAME:   Rahim A. Muhammad

AGENCY CASE NUMBER:   01-NCR-WP-RAM-19

DATE FILED:           3/6/01

DATE CLOSED:          4/26/01

ATTACHMENTS:

COMPLAINT FILE:

✓ - EEO COUNSELOR'S REPORT
✓ - FORMAL COMPLAINT
___ - REPORT OF INVESTIGATION
___ - REPORT OF INVESTIGATION NOTIFICATION
(___ NO. OF VOLUMES/___ NO. OF COPIES)
___ - HEARING RECORD (EEOC CASE NUMBER: _____)
___ - APPEAL DOCUMENTS (APPEAL NUMBER: _____)
✓ - ADMINISTRATIVE FILE
___ - OTHER

_____
_____
_____
_____

_____
EEO Officer/Manager              Date



GSA National Capital Region

DATE: _____March 6, 2001_____

MEMORANDUM FOR _____Rahim Muhammad_____

SUBJECT: Notice of Final Interview/Notice of Right to File a Discrimination Complaint

This is to inform you that on the above date, the final counseling interview was held in connection because the matter you presented to me as an EEO Counselor. You initially contacted me on __January 26, 2001___, and alleged that you were discriminated against because of your (basis) __race (African American), religion (Muslim)__ when you were __harassed on a continuous basis from May 2000 through January 24, 2001, receiving disparaging treatment causing a hostile work environment._____

_____.

If you believe you have been discriminated against on the basis of race, color, religion, sex, age, national origin, disability (physical/mental), and/or reprisal (for participation in a protected EEO activity or opposing an unlawful employment practice under the anti-discrimination laws), you have the right to file a complaint of discrimination within **15 calendar days** after the receipt of this notice.

This complaint must be in writing preferably on a GSA Form 3467, which can be obtained from the Equal Employment Opportunity Office. Your complaint must be filed in person or by mail with the original complaint form going to the EEO Officer, with a copy simultaneously going to the Office of Civil Rights, as follows:

> Regional EEO Officer (WAD-E)
> General Services Administration
> 7th & D Streets, SW, ROB/7002
> Washington, DC 20407
>
> Office of Civil Rights (AK)
> General Services Administration
> 18th & F Streets, NW, Room 5125
> Washington, DC 20405

U.S. General Services Administration
301 7th Street, SW
Washington, DC 20407-0001
www.gsa.gov

The formal complaint must specify the issue(s) which form the basis for the complaint and the matter(s) giving rise to the complaint which were discussed with the EEO Counselor. If you add issues on which you have not been counseled, the formal complaint may be returned to you for further counseling. The complaint should also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same subject matter (include dates). This information is necessary for the agency to determine whether your complaint is appropriate for processing under 29 Code of Federal Regulations (CFR), Part 1614.

If your complaint involves an allegation of discrimination, which is also appealable to the MSPB, you may file a mixed case complaint with the agency or a mixed case appeal with the MSPB. **Under current Federal regulations, you may not file both.** You must elect the forum in which you wish to pursue your case. Should you decide to file an appeal to the MSPB, please notify the Central Office EEO Officer at (202) 501-0767) within 15 days after receipt of this notice.

If you retain an attorney or any other person as a representative, you or your representative must immediately notify the EEO Officer, in writing. You and/or your representative will receive a written notice of receipt of your discrimination complaint from the appropriate agency official.

If you require further information regarding your rights or assistance in completing the GSA Form 3467, contact the Equal Employment Opportunity Office at (202) 708-8588.

Sincerely,


_Saundra A Davis_                          _March 6, 2001_
Counselor – CompuCon Incorporated          Date


Received by Complainant: _____ (Signature)


Date: _6 MAR 2001_

2

# TAB B (2)

# EEO COUNSELOR'S REPORT
# WITH EXHIBITS

January 3, 2001

MEMORANDUM FOR    GENERAL SERVICES ADMINISTRATION
                 OFFICE OF EQUAL OPPORTUNITY AND TREATMENT

FROM:            RAHIM A. MUHAMMAD, INSTRUCTOR
                 FEDERAL PROTECTIVE SERVICE
                 TRAINING SECTION- WPSOT

SUBJECT:         Complaint notice of disparaging treatment and
                 Racial, and Religious indifference statements

The attached statements are supported by fellow workers who are willing to make oral,
as submit written statements to EEO Officials on inquiries as to the facts of the
allegations which I submit referencing treatment I have received for the past 8 or more
months from my supervisor, Leslyn Erickson.

May 2000 - I returned to my work center after having been out due to a traumatic duty
related injury, an upon my entering my office I noticed boxes had been stacked
completely blocking my seat. A note was stuck to the glass window of my office for all
to see which stated, "I guess you wil have to have a bake sale to pay for this". These
embarrassing antic's were directed by Leslyn Erickson my supervisor, who Directed my
coworkers, Instructor's (Carlton Tucker and Vicki Witherspoon) to place the boxes in my
office.

May 2000 – I was tasked to design, and conduct classes in Crowd Control by the Law
Enforcement assistant Chief. Instructor tucker, who is Black, assisted me in the
developing and preparation for the class. Chief Leslyn Erickson in a staff meeting that
afternoon in front of the staff, stated Instructor Harold Miller who is white, would be the
Manager of the program which Tucker and I had developed. I disagreed with Chief
Erickson openly in the meetings as Instructor Miller was a junior Instructor, and had not
worked on the program at all. Chief Erickson stated that that was her decision and it
was final.

September 21, 2000 - At 1530 Hours Chief Erickson asked me to come to her office.
She stated to me that she needed to reiterate the leave policy on to me about when an
Instructor was late.
1. She then accused me of being late without notifying anyone, or supervisor.

4

2.  She did not know when or who I talked to when I was late and why.
3.  She stated that no one in my section knew I was going to be late.
4.  When I gave Chief Erickson the facts of the matter , which proved her as not being factual, she then stated to me that "the conversation is over, Drop It!".
5.  Linda Muhammad, Chief Erickson's receptionist at the time I called in and talked to her, stated, that Chief Erickson did not talk to her about this issue. This resulted in the Chief's statement to me as being false.
6.  Linda Muhammad stated to me that for 6 or 7 months, Chief Erickson audited my attendance continuously.
7.  Chief Erickson once called my home and asked my daughter when was I returning to work, although I was out on traumatic Leave.
8.  Chief Erickson had Linda Muhammad, the acting receptionist call me by page prior to my taking a flight going on vacation because she could not fin my leave form which she approved two (2) months prior and had been already submitted.
9.  Chief Erickson allowed Instructor Miller to proceed on leave without completing and incident report which he was involved in, but instead, came to me the day after his departure and asked me to complete his paperwork for him.

December 19,2000 - At 0920 Hours, Chief Erickson came to my Office and asked me to go to ROB for the Christmas Ceremony and a special presentation for Instructor Miller. I informed her that I would rather decline because I did not celebrate Christmas as a religious preference.
Chief Erickson stated, "I do not understand, if it was Ramadan (my religious Holiday), they would attend for me! Chief Erickson then walked out of my office and in the hallway yelled, "now you're getting religious!" I was personally insulted, as offended my Chief Erickson's behavior regarding my religious preference. As a Muslim, my Holiday was in season at that time of her remarks.

At 0935 - Chief Erickson returned to my office a informed me that I would conduct contract guard testing in place of Instructor Jefferson whom was scheduled, as she directed him to attend the Christmas Ceremonies. Chief Erickson in this case I feel persecuted me because of my faith, as other Instructors were available to conduct the testing which I had conducted the day prior as the attached schedules reflect.

January 2, 2001 - At 1100 Hours I was Informed By Chief Erickson that she was hold a cursory meeting with me regarding my time and attendance as she had with all of my coworkers, (except Instructor Miller) as He stated to me that she did not hold a meeting with him. She stated to me that I was not the only one she had audited because of the number of Monday's and Friday's I had taken off in the year 2000. I informed her that In the medical program which I have appointments, as the nature of my injury, I had informed her before regarding my use of sick leave for my illness. She stated that she would take some action if I continued to take sick leave on Friday's or Monday's.

January 2, 2001 - At 1130 Hours, after the meeting with Chief Erickson, I was approached by Instructor Carlton Tucker who informed me that "Chief's Erickson had directed him to place me on the duty schedule on Friday's and Monday's, with contract

guard duties, which If I did not come to work at those time, would cause a disruption in the schedule and effect the other Instructor's as they would have to be rescheduled in their duties, and further, If I was at work on those days, it would result in being in me being tasked with an additional workload weekly, greater as compared to the other Instructors on the staff.

This treatment has caused a volatile atmosphere, as a depressing work environment for me with my peers, as I have bee singled out, move to an empty office away from the other Instructors on the staff. I have requested that I be reassigned to the law Enforcement Division in a comparable position out of the training section, as my integrity, and ability as a Law Enforcement Instructor has been tainted by the maltreatment I have received from Chief Erickson.

## EQUAL EMPLOYMENT OPPORTUNITY
### INITIAL COMPLAINANT CONTACT/INTERVIEW WORKSHEET

1. **DATE CONTACTED EEO OFFICE**: January 2, 20001 (Telephonically)

2. **COMPLAINANT'S NAME:**  Rahim A. Muhammad

   **RNO:**    Black (African American)    **GENDER:**  Male

   **TITLE/SERIES/GRADE**: Law Enforcement Instructor, GS-1712-11

3. **HOME ADDRESS:** 9301 Gwynndale Court, Clinton, MD 20735

   **HOME PHONE NUMBER**: (301) 868-3406

4. **ORGANIZATION:** FPS, Bldg 74, SE Federal Center, 2nd & M Streets, SE, Washington, DC. 20370

   **WORK PHONE:**  (202) 619-9337

5. **DATE OF MOST RECENT ALLEGED INCIDENT:**    January 2, 2001

6. **SPECIFIC ALLEGED DISCRIMINATORY ACTION(S):**  Claim that his supervisor, Chief Leslyn Erickson (white, female) has discriminated against him based on his race (African American) and religion (Muslim) when he was harassed on a continuous basis from May 2000 through January 2, 20001, receiving disparaging treatment causing a hostile work environment.  Specifically, the following actions took place at Enclosure 1 dated January 3, 2001..  On January 3, 2001, Mr. Muhammad had meeting with Chief James Boyd (black, male), Chief of the Police Bureau requesting reassign-ment to the FPS Law Enforcement Division (202) 690-9159).  Mr. Muhammad still has a valid 318 authority to be a law enforcement officer and instructor.

7. **BASIS:** Race (African American)    Religion (Muslim)

8. **RESPONDING MANAGEMENT OFFICIALS:**  Chief Leslyn Erickson, FPS, Bldg 74, SE Federal Center, 2nd & M Sts, SE, DC 20370

   **TELEPHONE NO:** (202) 690-8960

9. **REPRESENTATIVE:**  None at this time
   **ADDRESS:**
   **TELEPHONE NO:**

*Requested Coun. ox 1/3/01*
*SSL*

INITIAL COMPLAINANT CONTACT/INTERVIEW WORKSHEET
Page 2

10. **REQUESTED RELIEF: Reassignment** outside of the Training Academy and placed into the law enforcement occupation within GSA equivalent to a GS-11 (Lieutenant).

11. **Witness(es) :** The following people have first-hand knowledge of Mr. Muhammad's disparaging treatment causing a hostile work environment:

| Name | Telephone No. |
|---|---|
| Linda Muhammad | (202) 690-8960 |
| Carlton Tucker | (202) 619-9385 |
| Vicki Witherspoon | (202) 619-9335 |
| William V. Johnson | (202) 619-9338 |
| Gregory Jefferson | (202) 619-9336 |

EEO COUNSELOR

# TAB C (2)

# FORMAL COMPLAINT

# ACKNOWLEDGEMENT LETTER



GSA National Capital Region

March 6, 2001

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mr. Rahim A. Muhammad
9301 Gwynndale Court
Clinton, MD 20735

**Ref: GSA Case Numbers: 01-NCR-WP-RAM-19**

Dear Mr. Muhammad:

This notice **acknowledges receipt** of your discrimination complaint dated and received on March 6, 2001, in the Office of Equal Employment Opportunity (EEO), General Services Administration (GSA), Washington, DC for processing. This notice also provides you with written notice of your rights and time requirements for exercising those rights.

On January 24, 2001, you initiated an informal complaint of discrimination. The EEO Counselor conducted a final interview and issued you the Notice of Right to File a Discrimination Complaint. On March 6, 2001, you filed a formal complaint of discrimination based on your race (African-American), and religion (Muslim).

Your formal complaint is currently under review for Acceptance/Dismissal in accordance with 29 Code of Federal Regulations, Part 1614. You will be notified, in writing, of the acceptance/dismissal status upon completion of my review of your formal complaint and the counselor's report.

As an alternative to filing an age discrimination complaint, an aggrieved individual may elect to bypass the administrative procedure and file a civil action directly in a Unites States (U.S.) District Court under the Age Discrimination in Employment Act (ADEA), against the head of an alleged discriminating agency, after giving the commission not less than 30 days notice of the intent to file such an action. Such notice must be filed in writing with EEOC, Federal Sector Program, 1801 L Street, NW, Washington, DC 20507, within 180 days of the occurrence of the alleged unlawful practice.

U.S. General Services Administration
301 7th Street, SW
Washington, DC  20407-0001
www.gsa.gov

2

You must be aware that if you elect to file an administrative complaint alleging age discrimination rather than filing directly in U.S. District Court, you must exhaust your administrative remedies before you can file a civil action. Administrative remedies will be considered to be exhausted for the purpose of filing a civil action:

(1)   180 days after the filing of an individual complaint if the agency has not issued a final decision and individual has not filed an appeal or 180 days after the filing of a class complaint if the agency has not issued a final decision.

(2)   After the issuance of a final decision on an individual or class complaint if the individual has not filed an appeal; or

(3)   After the issuance of a final decision by the Commission on an appeal or 180 days after the filing of an appeal if the Commission has not issued a final decision.

Voluntary attempts to settle your complaint can be made throughout the administrative process. If a settlement of the complaint is reach, the terms of the settlement will be stated in writing and you will be given a copy.

Pursuant to 29 CFR Part 1614, the agency has 180 calendar days to complete the investigation (from the date of filing a formal complaint) or to issue the Notice of Final Action on the complaint.

Upon completion of the investigation, you will have the right to request a final agency decision or a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ). If you request a hearing before an EEOC Administrative Judge, you must send your hearing request directly to the EEOC field office. Your written request must be sent **within 30 calendars days upon receipt of the Notice of Final Action**. Your request must be sent to the **Washington Field Office, EEOC, 1400 L Street, NW., Suite 200, Washington, DC 20005**. If you request a hearing, you must also certify to the EEOC field office that you sent a coy of your request for a hearing to the agency. Your copy to the agency should be sent to Ms. Avis B. Johnson, EEO Officer, General Services Administration, National Capital Region, EEO Office (WAD-E), 7th & D Streets, SW., (ROB/7002), Washington, DC 20407.

If you request a hearing, you are expected to proceed without delay in presenting your complaint before the assigned EEOC AJ. Therefore, if you plan to have a representative. you should immediately obtain representation and you should also

3

begin preparing a list of proposed witnesses, with a summary of the testimony you believe each will present at the hearing. The AJ will request this list after being assigned your case.

Failure to prosecute your complaint in a timely fashion may be grounds for the AJ to return your case to the agency. The agency will issue a final decision based on the evidence presented in your investigative and complaint file.

However, if you request an immediate final decision to be rendered on the merits of each allegation contained in your complaint based on the investigative file, the head of the agency, or his designee, will render a decision without a hearing. A request for a final decision without a hearing must be made to Ms. Avis B. Johnson, EEO Officer, **within 30 calendar days from the day you receive the notice of final action**.

In the absence of any response from you, upon the expiration of the 30-day notice period as to your options to a decision with or without a hearing, the agency will, within 60 calendar days, issue a final decision.

In the event that GSA has not issued a notice of final action within 180 days from the filing of your complaint, you may request a hearing at any time after 180 days has elapsed from the filing of the complaint, by submitting your written request directly to the appropriate EEOC field office, provided above.

If your complaint is dismissed, you will receive a final decision on the complaint or that portion of the complaint, which is dismissed. The letter dismissing your complaint will delineate your rights of appeal.

If you are dissatisfied with the final decision with or without a hearing, you may appeal to the EEOC. An appeal to the EEOC must be postmarked or, absent a postmark, received by the Commission within 30 calendar days from the day you receive the final decision. The 30-day period for filing a Notice of Appeal begins to run on the day after you receive the final decision.

However, if an attorney represents you, the 30-day timeframe begins to run on the day after your attorney receives the final decision. Any statement or brief in support of an appeal may be submitted to the Commission, with copies to the agency, within 30 calendar days from the date the appeal is filed. You must certify the date and method by which service was made on the agency regarding any appeal filed with the Commission.

4

Appeals must be filed on the EEOC Form 573(REV 4-92), and must indicate what it is you are appealing and why. The EEOC Form 573 will be forwarded with the notice of final action on your complaint. In addition, appeals to the Commission should be forwarded to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, PO Box 19848, 1801 L Street, NW, Washington, DC 20036.

In addition, with respect to claims filed under Title VII, you may file a civil action in the appropriate Federal District Court in any of the following situations:

- a. Instead of appealing GSA's final decision to the EEOC, you may file a civil action in an appropriate United States District Court. If you choose to file a civil action, you must do so within 90 calendar days from the day you receive the final decision.

- b. If you appeal GSA's final decision to the EEOC and the EEOC renders a decision on your appeal, you may appeal the EEOC decision by filing a civil action within 90 calendar days from the day you receive the EEOC decision on your appeal.

- c. If GSA has not issued a final decision after 180 days have elapsed from the date you filed your formal complaint, you may file a civil action.

- d. If the EEOC has not issued a decision on your appeal within 180 calendar days from the date of filing the appeal.

- e. On complaints alleging violations of the Equal Pay Act, the time limit for filing a civil action is as follows, regardless of whether you pursued any administrative complaint processing:

  - (1) Within two years of the date of the alleged violation, or,

  - (2) If the violation is willful, within three years of the date of the alleged violation.

If you choose to file a civil action, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced 30-day time limit for filing suit and in such form and manner as the court may require.

5

Please note that if you file a civil action, you must name the appropriate agency head as the defendant.  Failure to name the head of the agency may result in loss of any judicial redress to which you may be entitled.  The current agency head of the General Services Administration is Mr. Thurman M. Davis, Sr., Acting Administrator.

Sincerely,

Avis B. Johnson
EEO Officer

cc: Sharon Roach, Regional Counsel (WL)
    James M. Taylor (AK)
    Andre Jordan, Director, (WPS)



GSA National Capital Region

April 11, 2001


Richard H. Semsker
Attorney-at-Law
1120 G Street, NW.
Washington, DC 20005

Ref:  GSA Case Number 01-NCR-WP-RAM-19

Dear Mr. Muhammad:

On March 6, 2001, I sent Mr. Muhammad a letter acknowledging
receipt of his formal Equal Employment Opportunity (EEO)
discrimination complaint which was dated, hand delivered, and
deemed filed on March 6, 2001.  I also informed him that him
complaint was under review for acceptance or dismissal.  On March
20, 2001, Mr. Muhammad designated you as his representative in
the above referenced complaint.

This notice is to provide you with the current status of this EEO
complaint.  Based on a review of the formal complaint and the
EEO Counselor's Report, it has been determined that the following
claim(s) will be **Accepted** for formal investigation.  A copy of
the counselor's report is enclosed.

Mr. Muhammad's claim that because of his race (Black African
American), and religion (Muslim), he was discriminated against
when he received disparate treatment on a continuous basis from
May 2000 through January 24, 2001, which resulted in a hostile
work environment.  Specifically, he alleged the following eleven
incidents contributed to a hostile working environment.

> 1. In May 2000, Mr. Muhammed's supervisor, Leslyn
>    Erickson, directed that boxes be stacked completely
>    blocking his seat with a note stating, "I guess you
>    will have to have a bake sale to pay for this."
>
> 2. In May 2000, Chief Erickson stated in a staff meeting
>    that Instructor Harold Miller would be the Manager of
>    a program that Mr. Muhammad and Instructor Tucker
>    developed and prepared.

**U.S. General Services Administration**
301 7th Street, SW
Washington, DC  20407-0001
www.gsa.gov

-2-

3.  On September 21, 2000, Chief Erickson accused Mr.
    Muhammad of being late without notifying a supervisor
    or anyone.

4.  On September 21, 2000, Mr. Muhammad found out that
    Chief Erickson had been auditing his attendance
    continuously for the past six or seven months, and
    that Chief Erickson had called his home and asked his
    daughter when he was returning to work, although he were
    out on traumatic leave.

5.  Chief Erickson had the acting receptionist, Linda
    Muhammad, call him by page prior to taking a flight
    to go on vacation because she could not find his leave
    form which she approved two months prior.

6.  Chief Erickson allowed Instructor Miller to proceed
    on leave without completing an incident report, but
    instead, came to Mr. Muhammad the day after Mr. Miller's
    departure and asked Mr. Muhammad to complete his
    paperwork for him.

7.  On December 19, 2000, Chief Erickson personally
    insulted and offended Mr. Muhammad with comments
    regarding his religion.  When he did not wish to attend
    a Christmas celebration due to religious reasons, he
    was then instructed to conduct Contract Guard testing
    in place of Instructor Jefferson.

8.  On January 2, 2001, Mr. Muhammad was informed by Chief
    Erickson that she would take action against him if he
    continued to take sick leave on Mondays and Fridays.
    Later that day, he was informed by Instructor Tucker
    that Chief Erickson had directed him to place him on
    duty schedule on Fridays and Mondays with contract
    guard duty.  This was done after he informed her that
    the medical program he belonged to set his appointments
    on Mondays and Fridays based on the nature of his
    injury.

9.  On January 9, 2001, Mr. Muhammad was moved to a new
    office away from the other instructors and Chief
    Erickson attempted to take his duties as Assistant
    In-service Program Manager away from him.

-3-

10. On January 24, 2001, after Chief Erickson called
    Mr. Muhammad to her office and replaced him as the
    supporting instructor for the PDT Program.

11. On January 24, 2001, Mr. Muhammad requested, and was
    denied a request to be reassigned from under her
    authority.

If you believe the claim(s) in your client's complaint have not
been correctly identified, please notify me, in writing, within
five calendar days after your receipt of this letter, specifying
why you believe that the claim(s) have not been correctly
identified.

If no response is received from you, the accepted claims will be
forwarded for formal investigation upon the expiration of the
above stated five days.

Pursuant to 29 CFR Part 1614, the agency has 180 calendar days
to complete the investigation (from the date of filing a formal
complaint) or to issue the Notice of Final Action on the
complaint.

If you have any questions, please call me on (202)708-8588.

Sincerely,

Avis B. Johnson
EEO Officer

Enclosure

cc: Rahim Muhammad, Complainant (w/o Enclosure)
    Sharon Roach, Regional Counsel (WL)
    Andre Jordan, Director, FPS (WPS)