## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAHIM A. MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 05-1365 (HHK) |
| ) | |
| MICHAEL CHERTOFF, SECRETARY ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Department. ) | |
| ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION FOR PARTIAL DISMISSAL

Plaintiff, by and through undersigned counsel, files this opposition to Defendant's motion for partial dismissal for failure to state a claim and that Plaintiff failed to exhaust his administrative remedies as related to Plaintiff's claim of constructive discharge. Defendant's motion should fail for two reasons, plaintiff has alleged sufficient facts in his complaint to state a cause of action and he exhausted his administrative remedies. Defendant has failed to prove its claims and therefore, its motion should be denied.

Respectfully submitted,

_____
Veronica G. Awkard, Md. Bar 14454
6490 Landover Road
Suite A
Landover, Maryland  20785
301-773-4724
301-773-4725

**PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION
TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

INTRODUCTION

Plaintiff filed several complaints of discrimination with the Defendant between January 2001 and August 2004, when he filed his letter of resignation citing ongoing discrimination as his reason for leaving. Plaintiff's discrimination complaints were filed with the Defendant and with Equal Employment Opportunity Commission alleging ongoing discrimination consisting of harassment and reprisal. *Defendant's Motion, p.2-5*; *Plaintiff's Exhibits 1 and 2*.

Defendant's motion for partial dismissal and the Complaint shows that Plaintiff has a history of protective activity and harassment involving the same officials or their predecessors back to 2001, including his EEOC activities and his last discrimination complaint filed with the Agency on August 20, 2004. *Complaint and Defendant's Motion for Partial Dismissal, p.2-5*. Several of Plaintiff's discrimination complaints involved race (Black), religion (Muslim) and reprisal discrimination, i.e., incidents like, racial and religious comments, on an occasion disparaging remarks. Id. Plaintiff has averred that on several occasions he applied for but was not selected for positions for which he was exceptionally qualified and on occasions, for jobs he applied for and was significantly qualified; a white man was selected who was less qualified than Plaintiff. Id.

In Plaintiff's recent reprisal claim involving the selection process for the position of Area Security Manager, Plaintiff avers that a federal official manipulated the selection process preventing his being selected for the position. *Complaint, ln 13* ("In August 2003,

Plaintiff's supervisors, Hunter and Trindel deviated from Agency and Merit Systems Procedures during a position review process and deliberately eliminated Plaintiff from being selected for the position of Area Security Manager, under announcement number 03992251."). Plaintiff's claims, taken as a whole, describe an environment permeated with discriminatory animus. Id. Allegations of hostile actions such as deprivation of promotion opportunities, transfer, misrepresentations that no vacant positions were available, progressive reductions and denial of management flexibility raise genuine issues of material fact as to whether conditions had become so intolerable a reasonable person would feel compelled to resign rather than submit to "looming indignities." See Flamande v. American Intel Group, 876 F.Supp. 356, 369, 69 FEP 675 (D.P.R. 1994). This continuous discrimination to which Plaintiff was subjected is sufficient to show a prima facie claim of constructive discharge. See Aman v. Cort Furniture Rental Corp. 85 F.3d 1074, 1084 (3rd Cir. 1996)(continuous discrimination during employment could support a claim for constructive discharge.) See also, Exhibit 2 (Agency's notice to plaintiff of its acceptance of his claim for continuous discrimination).

### 1. FAILURE TO STATE A CLAIM

In reviewing a 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to Plaintiff and must accept as true all reasonable factual inferences drawn from the allegations. In re United Mine Workers Am. Employee Ben. Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994); see Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)(stating that the court must give Plaintiff "benefits of all inferences that can be derived from the facts alleged"). The court is limited to considering facts alleged in the complaint, any documents with attached to or

incorporated in the complaint, matters of which the court may take judicial notice, <u>St. Francis Xavier Parochial Sch.</u>, 117 F.3d at 624, and matters of pubic record, <u>Marshall County Health Care Auth. V. Shalala</u>, 988 F.2d 1221, 1226n.6 (D.C.Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. <u>Henthrorn v. Dep't of Navy</u>, 29 F.3d 682, 688 (D.C. Cir 1994).

     Defendant attaches EEOC files to its Motion and state that the Court should take judicial notice of such EEOC and Agency documents. <u>See</u> Motion to Dismiss. These documents are not the same as Court documents.  Access to Title VII files are generally made under the Freedom of Information Act (FOIA). <u>See</u> 5 U.S.C. 552 *et seq*. FOIA allows the public access to only certain documents and are not for public display as with court documents.  <u>Id</u>.  These same documents contain factual allegations that contradict those alleged in the complaint and thus should not be considered.  <u>Henthron v. Department of Navy</u>, 29 F.3d 682, 688 (D.C. Cir 1994). The introduction of factual materials by the parties-including affidavits as Defendant has presented in its Motion, will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment.  Fed.R.Civ. 12(b)("If, on a[12(b)(6) motion], matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ....").

     Defendant states incorrectly that Plaintiff received these documents, this is not accurate.  Defendant has not provided any documents to Plaintiff during this action. Plaintiff is seeing for the first time, some of the documents presented by Defendant, i.e., Defendant's Exhibit 16, Declaration of Joan Slous has never been presented to Plaintiff

4

prior to this motion. Thus, Defendant is in essence converting its Rule 12(b)(6) motion to a Rule 56 motion.

The plaintiff has demonstrated a claim of constructive discharge in his Complaint. The Court must accept as true pleaded factual allegations and grant Plaintiff the benefit of all reasonable inferences that can be derived from the alleged facts. Conley, 355 U.S. at 45-46; see Judicial Watch, Inc. v. Clinton, 889 F. Supp. 1., 7 (D.D.C. 1995). The plaintiff provides facts to support a reasonable inference that he was constructively discharged. Plaintiff was continuously subjected to disparate treatment and other adverse actions and disparaging and offensive actions by Defendant. *Complaint*. Plaintiff alleges in his complaint that discriminatory actions against him have been ongoing and continuous since January 2001. Id.

Plaintiff's claim of constructive discharge finds its basis in hostile work environment and is like and arising out of his race and reprisal complaints filed at the EEOC and with the Agency. See Ex.2 (accepting Plaintiff's claims of ongoing discrimination and the Complaint. Hostile environment is different in kind from a claim involving a discrete acts, it is not a discrete act and is to be treated differently. See National Railroad Passenger Corp v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002). In National Railroad Passenger Corp v. Morgan, the Court reasoned that hostile environment claims are different in kind from discrete acts. Hostile environment claims by their very nature involve repeated conduct. Id. at 2073. Therefore, Plaintiff's multiple claims of disparate treatment, transfers, disparaging religious and racial remarks, when taken as a whole amount to a hostile environment. See Defendant Motion. Although isolated acts of discrimination are insufficient, evidence of continuous or pervasive

5

discrimination they can support a claim for constructive discharge.  See Bergene v. Salt River Project Agric. Improvement & Power Dist., 272 F.3d 1136, 1144 n. 80 (9th Cir. 2001.)(finding genuine issue of material fact about aggravated circumstances where work history following settlement of discrimination claim includes isolation in a plant, demeaning and threatening comments, and denial of promotion while discrimination complaint was pending).

  Moreover, Plaintiff filed his hostile environment claim with his reprisal complaint with the Agency and the EEOC.  See, Plaintiff's Ex. 1(Formal Complaint of Discrimination.)[1]  Defendant accepted for investigation Plaintiff's claim that he was subjected to a pattern of disparate treatment based on his race (Black) and in reprisal for prior EEO activities.  See, Exhibit 2 (Letter of Acceptance). Here plaintiff alleges a continuing discrimination and again on August 4, 2004, Plaintiff puts the Agency on notice of continuing discrimination again as the basis for his resignation. The Agency clearly stated in its letter of November 5, 2003, pg. 2, that it was "dismissing claims that were considered to be discrete acts and not part of the accepted "continuing discrimination claim." Exhibit 2. The remaining claims involved the continuous and ongoing discrimination claims and the reprisal claim. *Id.*

  Plaintiff's complaint set forth a short and plain statement of the claims, giving Defendant fair notice of the claim and the grounds upon which it rests. Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint.

---

[1]  GSA's Formal Complaint of Discrimination Form fails to state a section for hostile environment claims for race or religion even though these are claims have separate basis.

Swierkiewwicz v. Sonoma N.A. 534 U.S., 506, 511-14 (2002). Nor is Plaintiff required to plead law or match facts to every element of a legal theory. Kriegaer v. Fadely, 21 F.3d 134, 136 (D.C. Cir. 2000). Accordingly, the court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Warren v. District of Columbia, 353 F.3d 36, 37(D.C. Cir. 2004). Defendant has failed to carry its burden.

## 2. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff exhausted his administrative remedies as related to his constructive discharge claim and Plaintiff's claim of constructive discharge is like and/or arises out of his claims filed with the EEOC On April 26, 2004. See Defendant Motion, pg. 4. Defendant was on notice of the claim when it accepted Plaintiff's claims of continuing discrimination and when he filed notice of constructive discharge with the defendant on August 30, 2004. *Ex. 1 and Ex. 2.* Moreover, Plaintiff's constructive discharge complaint is like his complaint filed at the EEOC and accepted by the Agency. *Ex. 1 and Ex. 2.* Plaintiff also alleged constructive discharge in his letter to the Agency in February 2004. See Motion to Dismiss. Plaintiff's claims at the EEOC and accepted by the Defendant included allegations continuing harassment discrimination. Id. Construction discharge is not necessarily a tangible action as Defendant claims. See EEOC v. Barton Protective Services, 47 F. Supp. 2d 57, 59(D.D.C. 1999), the court stating that to include constructive discharge as tangible employment action would remove plaintiff's obligation to complain of harassment. In another case, Powell v. Morris, 37 F. Supp.2d 1011, 1019

7

(S.D. Ohio 1999), the Court stated that the Supreme Court did not include constructive discharge as tangible employment action. Plaintiff can bring a claim that can be reasonably expected to follow his of discrimination. He need not against exhaust administrative remedies if the charge identified is a pattern of ongoing discrimination. Loe v. Heckler, 768 F.2d 409 (D.D.C. 1998).

Notwithstanding, in Title VII cases, the exhaustion of remedies requirement is not so absolute or insurmountable, and should be considered in light of the purposes of the exhaustion rule. Brown, 777 F.2 8, 14 (D.C. Cir. 1985)(Exhaustion under Title VII ...should never be allowed to become so formidable a demand that it obscures the clear congressional purpose of rooting out . ..every vestige of employment discrimination within the federal government.")(citing President v. Vce, 627 F.2d 353, 363, (D.C. Cir 1980))(internal quotation marks omitted)).

An agency-defendant has the burden to prove by preponderance of the evidence plaintiff's' failure to exhaust administrative remedies. Brown v. Marsh, 777 F.d 8, 13 (D.C. Cir. 1985) ("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it." Defendant has not proved its claim on the issue of constructive discharge.

        Respectfully submitted,

        _____
        Veronica G. Awkard, MD. Bar No. 14454
        6490 Landover Road
        Suite A
        Landover, Maryland 20785
        301-7734724

301-773-4725 (fax)

Case 1:05-cv-01365-RMU     Document 14     Filed 03/30/2006     Page 9 of 9

301-773-4725 (fax)