IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAHIM A. MUHAMMAD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1365 (RMU) |
| | ) ECF |
| **MICHAEL CHERTOFF,** Secretary | ) |
| Department of Homeland Security | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Defendant, Michael Chertoff, in his official capacity as the Secretary of the Department of Homeland Security, through undersigned counsel, hereby submits its Reply in Support of its Motion for Partial Dismissal. Plaintiff's opposition to Defendant's motion to dismiss lacks the appropriate support, because his constructive discharge claim is, in fact, a separate and discrete act, which must be administratively exhausted. Further Plaintiff's conclusory allegations in paragraphs 12, 17 and 18 fail to state a claim. Accordingly, Defendant's Motion for Partial Dismissal should be granted.

I. **CLAIMS THAT WERE NOT RAISED WITH AND ACCEPTED BY THE AGENCY AT THE INVESTIGATIVE STAGE IN AGENCY CASE NO. GSA-04-NCR-DHS-RAM-1 ARE TIME-BARRED.**

As set forth in the Defendant's opening brief, only four issues were accepted by the Agency for investigation and were forwarded to the EEOC for a hearing. These are the only issues which may be heard by this Court. The Plaintiff cannot resurrect claims that he raised

with the Agency between January 2001 and January 2002 but either withdrew or settled. (Def. Exhs. 2-5 and 7).[1] He cannot resurrect claims that the Agency dismissed and the dismissal of which he failed to contest at the EEOC. Nor can he add claims, which arose after the EEOC investigation, about which he failed to contact the Agency's EEO Office.

The Plaintiff posits two alternative arguments in his Opposition to the Agency's Motion to Dismiss for failure to exhaust, (*see* pp. 7-8): (1) that he either timely raised a claim of constructive discharge with the Agency or (2) a constructive discharge is not a discrete action, which requires contact with the EEO Office within 45 days. As set forth in the Defendant's opening brief, Plaintiff never contacted the Agency's EEO Office to complain about constructive discharge within 45 days of his resignation. (Def. Exh, 8). While the Plaintiff apparently attempted to add constructive discharge to his complaint that was pending at the EEOC, this was in February of 2005 – approximately 5 months after the expiration of the 45-day time limit. Moreover, the EEOC was not the proper forum for a constructive discharge claim.

Plaintiff was well aware of the time limits for filing EEO complaints as he had filed three prior complaints. (Def. Exh. 1-7). Furthermore, he was specifically informed in writing of the 45 day time limit on September 22, 2003. (See Def. Exh. 1D.)[2] Some allegations in his most recent complaint were dismissed on November 5, 2003 for untimely contact with the EEO Office (Def. Exh. 1F). The November 5, 2003 letter, reiterates, in bold, the 45-day time limit for contacting the EEO Office. *Id.* Plaintiff's resignation letter addressed to his supervisory chain

---

1. Defendant's exhibits cited to herein, refer to exhibits from Defendant's opening brief.

2. At that time, Plaintiff indicated that he understood that if he believed he has been discriminated against, he must contact the EEO Staff within 45 days of the alleged discriminatory act or in the case of a personnel action within 45 days of the effective date of the

of command stating that he is resigning due to "continual disparate treatment," does not toll the time limits.[3]  To meet the exhaustion requirement, Plaintiff must contact the EEO office.

The Plaintiff cites to *Loe v. Heckler*, 768 F 2d 409 (D.D.C. 1998) for the proposition that there is no need to exhaust administrative remedies if the charge identified is a pattern of ongoing discrimination.  However, this case was abrogated by the Supreme Court's holding in *Nat'l R.R. Passenger Corp. v. Morgan 356 U.S. 101 (2002)*. Under *Morgan*, 536 U.S. at 117, a plaintiff cannot allege a continuing violation or pattern of discrimination as a method of bringing in untimely discrete claims.  Rather, Plaintiff still must exhaust his administrative requirements as to each and every allegation that forms the basis of a separate claim of discrimination or retaliation.  *Id*. at 114 ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" and must be timely charged within the filing period).  "To conveniently cast all the allegations in this complaint as a related series of discriminatory or retaliatory actions would permit this plaintiff to bypass the Title VII administrative process." *Powell v. Castaneda*, 390 F.Supp.2d 1, 9 (D.D.C. 2005) (*quoting Childers v. Slater*, 44 F.Supp.2d 8, 18 (D.D.C.1999)).

Courts in this jurisdiction have found that employment actions, such as termination of employment or retirements are discrete acts, for the purposes of exhaustion.  *Graham v. Gonzales,* 2005 WL 3276280 (D.D.C. 2005).  In *Graham,* the plaintiff, an FBI employee, had retired voluntarily, but claimed constructive discharge.  He opposed his employer's motion to dismiss contending that the exhaustion requirement should not apply to his constructive discharge claims because those claims were based on the culmination of, and part of, the action.

continuing hostile work environment claim as to which he did exhaust his administrative remedies. The court in *Graham* disagreed. It held that "a federal court may not entertain a constructive discharge claim brought by a federal employee if the plaintiff has failed to exhaust his administrative remedies," because separation from service is a discrete act. *Graham* at *5 (internal citations omitted). *See also*, *Major v. Plumbers Local Union No. 5, AFL-CIO*, 370 F. Supp.2d 118, 125-126 (D.D.C. 2005); *Bowie v. Ashcroft*, 283 F. Supp.2d 25, 34 (D.D.C. 2003).

The exception under *Morgan* would be a hostile work environment claim, if one act comprising the claim occurred within 45 days prior to contact with the EEO Office. However, the Plaintiff's instant Complaint contains no allegations of hostile work environment or harassment. Further, Plaintiff did not raise a claim of harassment during the administrative process. Rather, the claim he repeatedly raised and that the Agency accepted was continuous *disparate treatment*. (*See*, Pl. Exh 1, and Def. Exh. 1F). In his letter of resignation, (Def. Exh. 15), the Plaintiff stated he was resigning because of continual "disparate treatment," not hostile work environment or harassment. Moreover, he does not even mention a retaliation in his letter of resignation. *Id.* Likewise, in his February 2005 EEOC complaint and at the EEOC hearing stage, he alleged continuous disparate treatment. (Def. Exh. 17). The Plaintiff was well aware that he could raise a cause of action of hostile work environment harassment, as his two prior claims were based on harassment, but he did not raise these claims. (Def. Exh. 2-5 and 7).

Since no harassment claim is at issue, the Plaintiff must timely file administrative claims with respect to each and every act that he alleges constitutes retaliation and with respect to his constructive discharge claim. *See Morgan*, 536 U.S. at 113; *Singletary v. District of Columbia,*

---

3. Notably, his resignation letter does not mention a prohibited basis such as race or reprisal.

351 F 3d 519, 526 (D.C. cir 2003). *See also Coleman v. Potomac Electric Power Company*, 310 F. Supp.2d 154, 159-160 (D.D.C. 2004) ("a hostile work environment is a single discriminatory purpose usually evidenced by multiple slights, statements, or actions that individually might prove nothing except in hindsight; retaliation is usually shown by discrete acts of discrimination that are more visible and are not actionable if time-barred"); *Pleasants v. Allbaugh*, 2002 WL 31520105 (D.D.C. 2002) ("Title VII precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period"); *Keeley v. Small,* 2005 WL 2304162 (D.D.C. 2005) (in order for plaintiff to pursue his claims in federal court, he must establish that he timely exhausted his administrative remedies for each discrete claim of retaliation, including those arising after the filing of an initial administrative complaint); *Romero-Ostolaza v. Ridge*, 370 F. Supp.2d 139 (D.D.C. 2005) (same). Accordingly, any acts of reprisal that were not accepted during administrative processing of the complaint, to include constructive discharge, are untimely and should be dismissed.

      Although the Circuit Court in *Brown v. Marsh* did note that the exhaustion requirement should not be allowed to frustrate the congressional purpose of Title VII, the Court noted that "[e]xhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary. Congress wished to provide the accused agency 'the opportunity as well as the responsibility to right any wrong that it might have done.'" 777 F.2d 8, 14 (D.C. Cir. 1985) (*quoting President v. Vance*, 627 F.2d 353, 362 (D.C.Cir.1980)). With respect to that congressional purpose, the Supreme Court specifically found that Congress intended to regulate the timing and forum for adjudication of Title VII claims by incorporating "a careful blend of

administrative and judicial enforcement powers." *Baldwin County Welcome Center v. Brown*, 425 U.S. at 833 (examining legislative history and the statutory framework of Title VII and the use of administrative remedies). To allow a complainant to avoid the "rigorous administrative exhaustion requirements and time limitations" would frustrate that congressional purpose. *Id*. *See also Morgan*, 536 U.S. at 108 ("Strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (*quoting Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "Allowing [plaintiff] to proceed without exhausting his administrative options would render meaningless the administrative component of this framework." *Jeffers v. Chao*, 2004 WL 3257069, slip op. at 5 (D.D.C. Sept. 21, 2004).

Even when a plaintiff asserts a hostile work environment claim, he must first timely file an administrative charge as to the conduct that is alleged to have created the hostile environment. *Morgan*, 536 U.S. at 117-118. *See also id*. at 117 ("A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice'"). Thereafter, a plaintiff must comply with each and every procedural EEO requirement in order to have exhausted his administrative remedies. If the agency does not reach the merits of a certain claim because the plaintiff failed to comply with the administrative procedures the plaintiff has failed to exhaust his administrative remedies. *Rann v. Chao*, 346 F.3d 192, 196-197 (D.C. Cir. 2003). *See Johnson v. Bergland*, 614 F.2d 415, 417-418 (5th Cir. 1980); *Jeffers*, 2004 WL 3257069, slip op. at 4. Here, the Plaintiff claims hostile work environment based on complaints that he voluntarily withdrew or settled. He cannot resurrect such claims now in this forum.

The EEO regulations specifically set forth the administrative requirements for the

prosecution of Title VII complaints in agency proceedings.

> [A] federal employee with a discrimination complaint must, among other things: 1) "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter," 29 C.F.R. § 1614.105(a); 2) file a complaint "with the agency that allegedly discriminated against the complainant," 29 C.F.R. § 1614.106(a); and 3) "produce such documentary and testimonial evidence as the [independent and impartial] investigator deems necessary." 29 C.F.R. § 1614.108(c)(1).

*Jeffers*, 2004 WL 3257069, slip op. at 4.

Plaintiff's failure to timely raise any harassment or constructive discharge claims clearly deprived the Defendant agency "an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d at 14. Accordingly, Plaintiff failed to timely exhaust his administrative requirements with respect to all claims that occurred outside of the 45-day period just prior to his seeking EEO counseling. *Rann*, 346 F.3d at 196-197 (failure to timely comply with administrative judge's order is a failure to exhaust administrative remedies).

The Plaintiff cites to *EEOC v. Barton Protective Services*, 47 F Supp 2d 57, 59 (D.D.C. 1999) and *Powell v. Morris*, 37 F. Supp.2d 1011, 1019 (S.D. Ohio 1999) for the proposition that constructive discharge is not a discrete employment action requiring timely EEO contact. However, these cases do not address constructive discharge as a discrete act in terms of failure to exhaust. Rather, they address constructive discharge in a completely different context – i.e. whether constructive discharge should be deemed a tangible employment action for purposes of defeating an employer's assertion of the affirmative defense to a sexual harassment claim under *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998). *Burlington* and *Faragher v. City of Boca Raton*, 118 S. Ct 2275 (1998) held that an agency is vicariously liable for all unlawful tangible

employment actions taken by its supervisors; however, if no tangible employment action is taken, an employer can assert an affirmative defense to allegations of sexual harassment. The cases cited by Plaintiff indicate that a constructive discharge does not count as a tangible employment action taken by a supervisor so as to defeat an employer's ability to utilize the affirmative defense. They do not address whether a constructive discharge is a discrete act, requiring timely EEO contact. Hence the definition of a tangible employment action in *Burlington Industries* is different from the definition of a discrete act in *Morgan.*

## II.  THE PLAINTIFF HAS FAILED TO CURE HIS VAGUE AND CONCLUSORY ALLEGATIONS AND THUS PARAGRAPHS 12, 17 AND 18 OF HIS COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff still fails to state with specificity what particular incidents comprise the continuing reprisal claim and the hostile work environment underlying his constructive discharge claim. To the extent the underlying incidents are part of claims that he withdrew, settled or were dismissed during the administrative process, he cannot bring them in through the back door as part of a constructive discharge claim in this forum. With regard to settled claims, Plaintiff is limited to a breach of contract claim and may not attempt to bring those issues before this Court under Title VII. Further, with regard to his vague allegations in paragraphs 12, 17 and 18, as previously noted in the opening brief, although a plaintiff may only need to give notice as required under Fed. R. Civ. P. 8(a) and (f), at some point, however, a complaint may be so vague, that despite a liberal reading, it must be dismissed for failure to state a claim upon which relief can be granted. *See United States v. Dolan,* 452 F 2d 1078, 1079 (3rd Cir. 1971). This is such a Complaint and it should be dismissed.

Dated April 7, 2006.

                                            Respectfully submitted,

                                            /s/
                                _____
                                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                United States Attorney

                                            /s/
                                _____
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney

                                            /s/
                                _____
                                MERCEDEH MOMENI
                                Assistant United States Attorney
                                Judiciary Center Building
                                555 4th St., N.W., Civil Division
                                Washington, D.C.  20530
                                202/305-4851

*Of Counsel:*
Katharine Johnson
Office of the Principal Legal Advisor
Immigration and Customs Enforcement
Department of Homeland Security
425 I Street, N.W., Room 6100
Washington, D.C. 20536