UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAHIM A. MUHAMMAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 05-1365 (RMU) ) (ECF) |
| MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security, | ) ) ) ) |
| Defendant. | ) ) |

## SETTLEMENT AGREEMENT

The parties to this action, Rahim A. Muhammad ("Plaintiff"), and Michael Chertoff, Secretary of the United States Department of Homeland Security ("Defendant" or "DHS") (hereinafter collectively referred to as "the Parties"), hereby enter into the following Settlement Agreement ("Agreement") in order to resolve the above-captioned action, as well as other claims of discrimination related to Plaintiff's employment with DHS, without further expense or delay, and accordingly agree to the following terms:

1. Plaintiff and Defendant enter into this Agreement in order to make full and final settlement of any and all claims that Plaintiff raised or could have raised in this action, or in any other related action between the Parties (the "Claims"), through the date of execution by all parties. Plaintiff and Defendant agree to accept the terms set forth herein in full satisfaction of any and all claims through the date of execution of this Agreement based upon and related to these causes of action.

1



2. Defendant shall, subject to the conditions and limitations set forth herein:

(A) pay a lump sum of Twenty Thousand Dollars ($20,000.00) to Plaintiff through his counsel, without deduction, withholding, or set-off. This payment may be made by an electronic transfer of funds to an account specified by Plaintiff's undersigned counsel. The settlement payment of $20,000.00 is inclusive of all claims for monetary relief whether legal or equitable in nature, including attorney's fees and costs. The parties understand that Plaintiff and/or his counsel, are responsible for the payment of taxes on the amounts paid to Plaintiff or his counsel under this agreement.

(B) Defendant's counsel shall submit all information required for payment of the amount specified in paragraph 2(A) to the Department of the Treasury within 10 business days of the court entered Stipulation of Dismissal with Prejudice, and take all reasonable steps to ensure timely payment. Plaintiff or his counsel shall cooperate by providing any reasonably requested information attendant to the request for payment by the Department of the Treasury.

3. This Agreement by the Parties shall comprise and constitute full accord and satisfaction of all Plaintiff's Claims in this case and any other related matter, between the Parties, including but not limited to (1) back pay; (2) front pay; (3) compensatory damages; (4) attorneys' fees and costs accrued or sought through the date of the execution of this Stipulation; (5) equitable relief; and (6) interest on those amounts or other compensation for delay that may have been, or could be, made on such amounts in this case. By this Agreement, Plaintiff waives, releases, and abandons any and all claims through the date of execution of this Agreement, whether asserted or unasserted against the Defendant, DHS or its past or present employees, officers, agents or representatives, which may have



accrued as of the date of the execution of this Agreement. Such waived, released, and abandoned claims include, but are not limited to, those at issue in the above styled litigation, in any forum, and in any other complaint or grievance filed or pending in any other fora whatsoever, between the Parties, as well as any and all other claims arising out of the events and/or subject matter involved in said litigation or claims.

4. The Parties each waive any right to appeal any order or judgment entered in this case prior to the execution of this Agreement; provided further that both Parties specifically reserve their respective right to appeal any order or judgment entered after the execution of this Agreement.

5. Plaintiff agrees not to apply for employment with DHS's Immigration and Customs Service ("ICE"), or any of ICE's components, for three years following the execution of this Agreement.

6. Plaintiff also agrees not to institute any other actions, charges, complaints, appeals, or other proceedings against Defendant, DHS, or any of its past or present employees, officers, agents, or representatives concerning any matter that was or could have been at issue in this proceeding as of the date of the execution of this Agreement.

7. It is understood between the Parties that this Settlement Agreement is non-precedent setting.

8. This Agreement does not constitute an admission or an acknowledgment of liability or fault or any wrongful conduct whatsoever on the part of Plaintiff, the Defendant, DHS, its agencies or their past or present employees, officers, agents, or representatives.

3

9. This Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective successors and assigns.

10. The Parties understand that this Settlement Agreement contains the entire Agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall have any force or effect. This Agreement may not be altered, modified, withdrawn, waived, rescinded, or supplemented except by a written instrument executed by duly authorized representatives of both Parties.

11. The Parties understand that each Party shall bear its own costs with respect to the above-styled action.

12. The Court shall retain jurisdiction to enforce the terms of this Agreement to conduct such further proceedings and award relief as may be necessary to resolve this action fully.

13. This Agreement shall become effective on the full execution by both parties. The Agreement shall be the final expression of the parties' full, final, and complete Settlement Agreement. Plaintiff agrees to file a Stipulation of Dismissal with prejudice once the settlement agreement has been signed by all parties.

14. The parties agree that a facsimile of the signatures of the parties and counsel will be considered as originals.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound have agreed to the foregoing.

_____
Rahim Muhammad, Plaintiff

_____
Veronica G. Awkard, MD Bar #14454
6490 Landover Road, Ste. A
Landover, Maryland 20785
301-773-4724

Date: 5/5/06

_____
Kenneth L. Wainstein, D.C. Bar # 451056
United States Attorney

_____
Rudolph Contreras, D.C. Bar # 434122
Assistant United States Attorney

_____
Mercedeh Moneni
Assistant U.S. Attorney
555 Fourth Street N.W.
Civil Division
Washington, D.C. 20530
202-305-4851